■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LO CICERO, CARLO LO CICERO and JOHN SAPONARO, Appellants.— Appeal by defendants (1) from judgments of the County Court, Westchester County, rendered November 8, 1963, convicting them of burglary in the third degree (2 counts), grand larceny in the first degree and possession of burglar's tools, upon a jury verdict, and imposing sentence, except that sentence was suspended on the possession of burglar's tools count as to defendants Carlo Lo Cicero and John Saponaro; and (2) from an order of said court, entered September 24, 1963, which denied their motion to suppress evidence (without a hearing) and to inspect Grand Jury minutes and dismiss the indictment for insufficiency. Order modified, on the law, (1) by striking out so much of the provision therein which determined the evidence-suppression part of the motion and (2) by adding a provision that a hearing be held in the court below on said part of the motion. As so modified, order affirmed and action remitted to the County Court, Westchester County, for further proceedings in accordance herewith. No findings of fact have been considered. Pending such hearing and proceedings, determination of the appeal from the judgments will be held in abeyance. Upon such hearing all the available and relevant facts should be adduced and a determination, stating in writing the specific facts found, should be made by the court. Thereupon, the procedure prescribed in *People* v. *Mullgrave* (23 A D 2d 855, 856) should be followed. In our opinion, there was at least an issue of fact as to the lawfulness of the seizure of the gold charm allegedly found in the jacket of defendant Carlo Lo Cicero, taken from him by policemen. Ughetta, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD WALTER MAYBUSHER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 26, 1964, upon resentence, convicting him of robbery in the third degree, upon his plea of guilty, and resentencing him. Judgment modified on the law and the facts and in the exercise of discretion, so as to provide that defendant be committed "to the department reception center [at Elmira Reformatory]," pursuant to section 61 of the Correction Law, as of July 27, 1964. As so modified, judgment affirmed. Defendant was originally sentenced on July 27, 1964 to a term of not less than 5 nor more than 10 years in State Prison. It was subsequently ascertained that he was not yet 21 years of age at the time of sentence. When resentenced on August 26, 1964, he had reached the age of 21 years. The error in the original sentence and the delay in resentencing should not deprive him of the treatment the law required that he receive had he been sentenced correctly on July 27, 1964. The resentence should have been made *nunc pro tunc* as of July 27, 1964. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.